1  Steven R. Blackburn, State Bar No. 154797
   Matthew A. Goodin, State Bar No. 169674
2  EPSTEIN BECKER & GREEN, P.C.
   One California Street, 26th Floor
3  San Francisco, California 94111-5427
   Telephone: 415.398.3500
4  Facsimile: 415.398.0955
   sblackburn@ebglaw.com
5  mgoodin@ebglaw.com

6  Attorneys for Defendant,
   UNISYS CORPORATION
7

8             UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11 HUMBERTO MARQUEZ,                    CASE NO.  C08-02111 JW HRL

12          Plaintiff,
                                        **ANSWER TO PLAINTIFF'S**
13     v.                               **COMPLAINT**

14 UNISYS CORPORATION, a Corporation;
   and DOES 1 through 10, inclusive,
15
            Defendants.
16

17     Defendant Unisys Corporation  ("Defendant"), in answer to the Complaint Plaintiff

18 Humberto Marquez' ("Plaintiff") complaint on file herein, admits, denies, and avers as follows:

19     1.     On information and belief, Defendant admits the allegations in paragraph 1 of the

20 complaint.

21     2.     On information and belief, Defendant admits the allegations in paragraph 2 of the

22 complaint.

23     3.     Defendant is without sufficient knowledge or information to form a belief as to

24 the truth of the allegations contained in paragraph 3 of the complaint.

25     4.     Defendant denies each and every allegation contained in paragraph 4 of the

26 complaint.

27     5.     Defendant states that the allegations contained in paragraph 5 are conclusions of

28 law to which no responsive pleading is demanded and which shall be taken as denied or avoided.

6.      Defendant states that the allegations contained in paragraph 6 are conclusions of law to which no responsive pleading is demanded and which shall be taken as denied or avoided.

7.      Defendant incorporates herein its response to paragraphs 1 through 6, set forth above.

8.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8, and therefore denies the allegations contained in paragraph 8 on that ground.

9.      In response to the allegations in paragraph 9, Defendant admits that Plaintiff has attached what appear to be copies of paycheck stubs from Memorex as Exhibit A to the complaint.  Except as expressly admitted herein, Defendant denies the remaining allegations of paragraph 9.

10.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10, and therefore denies the allegations contained in paragraph 10 on that ground.

11.     In response to the allegations in paragraph 11, Defendant admits that Plaintiff contacted Unisys about the status of his savings bonds and admits that Unisys directed plaintiff to Fidelity Corporation.  Except as expressly admitted herein, Defendant denies the remaining allegations of paragraph 11.

12.     In response to the allegations in paragraph 12, Defendant denies that it assumed all the assets and liabilities of Memorex.  Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation that Plaintiff paid for savings bonds during his employment at Memorex, and therefore denies that allegation on this ground.  Except as expressly admitted herein, denies the remaining allegations contained in paragraph 12 of the complaint.

13.     In response to the allegations in paragraph 13, Defendant admits that Plaintiff contacted Defendant about the status of his savings bonds.  Defendant admits that Plaintiff has attached what appear to be copies of phone records as Exhibit C to the complaint, but Defendant is without sufficient knowledge or information to form a belief as to the accuracy of the

- 2 -

1  telephone records, and therefore denies that they are accurate on that ground.  Defendant admits

2  that Plaintiff has attached what appears to be a copy of a letter addressed to Unisys as Exhibit D

3  to the complaint, but Defendant is without sufficient knowledge or information to form a belief

4  as to the truth of the allegation contained in paragraph 13 that Plaintiff faxed any letters to

5  Defendant, and therefore denies this allegation on that ground.  Except as expressly admitted

6  herein, on information and belief, Defendants denies the remaining allegations of paragraph 13.

7       14.    In response to the allegations in paragraph 14, Defendant admits that Plaintiff has

8  attached what appear to be copies of phone records as Exhibit C to the complaint, but Defendant

9  is without sufficient knowledge or information to form a belief as to the accuracy of the

10  telephone records, and therefore denies that they are accurate on that ground.  Defendant is

11  without sufficient knowledge or information to form a belief as to the truth of the remaining

12  allegations contained in paragraph 14, and therefore denies the allegations contained in

13  paragraph 14 on that ground.

14       15.    In response to the allegations in paragraph 15, Defendant denies that it singly

15  and/or in combination with any third party failed to purchase savings bonds with money

16  deducted from Plaintiff's paychecks and denies that it converted any of Plaintiff's moneys to its

17  own use or otherwise misappropriated any of Plaintiff's money.  Defendant is without sufficient

18  knowledge or information to form a belief as to the truth of the remaining allegations contained

19  in paragraph 15, and therefore denies the allegations contained in paragraph 15 on that ground.

20       16.    On information and belief, Defendant denies the allegations in paragraph 16 of

21  the complaint.

22       17.    Defendant incorporates herein its response to paragraphs 1 through 16, set forth

23  above.

24       18.    In response to the allegations in paragraph 15, Defendant denies that it singly

25  and/or in combination with any third party wrongfully exercised control over money deducted

26  from Plaintiff's paycheck to purchase Savings Bonds and/or prevented Plaintiff from having

27  access to his money for any period of time.  Defendant is without sufficient knowledge or

28

- 3 -

ANSWER TO COMPLAINT
Case No. C08-02111 JW HRL

1  information to form a belief as to the truth of the remaining allegations contained in paragraph

2  18, and therefore denies the allegations contained in paragraph 18 on that ground.

3      19.    Defendant denies the allegations in paragraph 19 of the complaint.

4      20.    In response to the allegations in paragraph 20, Defendant denies that it converted

5  any of Plaintiff's money.  Defendant is without sufficient knowledge or information to form a

6  belief as to the truth of the remaining allegations contained in paragraph 20, and therefore denies

7  the allegations contained in paragraph 20 on that ground.

8      21.    Defendant denies the allegations in paragraph 21 of the complaint.

9      22.    Defendant incorporates herein its response to paragraphs 1 through 21, set forth

10  above.

11      23.    In response to the allegations in paragraph 23, Defendant denies that it ratified

12  any representations to Plaintiff at any time.  Defendant is without sufficient knowledge or

13  information to form a belief as to the truth of the remaining allegations contained in paragraph

14  23, and therefore denies the allegations contained in paragraph 23 on that ground.

15      24.    Defendant is without sufficient knowledge or information to form a belief as to

16  the truth of the allegations contained in paragraph 24, and therefore denies the allegations

17  contained in paragraph 24 on that ground.

18      25.    In response to the allegations in paragraph 25, Defendant admits that Plaintiff

19  contacted Unisys about the status of his savings bonds.  Defendant further admits that it was

20  unable produce any savings bonds to Plaintiff and denies it had any obligation to do so.  Except

21  as expressly admitted herein, on information and belief, Defendant denies the remaining

22  allegations of paragraph 25.

23      26.    In response to the allegations in paragraph 26, Defendant denies making any

24  representations to Plaintiff regarding his savings bonds.  Defendant is without sufficient

25  knowledge or information to form a belief as to the truth of the remaining allegations contained

26  in paragraph 26, and therefore denies those allegations on that ground.

27      27.    In response to the allegations in paragraph 27, Defendant denies that it singly

28  and/or in combination with any third party stole, converted, or otherwise misappropriated any of

- 4 -

ANSWER TO COMPLAINT
Case No. C08-02111 JW HRL

1    Plaintiff's money. Defendant is without sufficient knowledge or information to form a belief as

2    to the truth of the remaining allegations contained in paragraph 27 and therefore denies those

3    allegations on that ground.

4        28.    Defendant denies the allegations in paragraph 28 of the complaint.

5        29.    Defendant denies the allegations in paragraph 29 of the complaint.

6        30.    Defendant incorporates herein its response to paragraphs 1 through 29, set forth

7    above.

8        31.    In response to the allegations in paragraph 31, Defendant denies that it is indebted

9    to Plaintiff in any amount. Defendant is without sufficient knowledge or information to form a

10   belief as to the truth of the remaining allegations contained in paragraph 31 and therefore denies

11   those allegations on that ground.

12       32.    In response to the allegations in paragraph 32, Defendant denies Plaintiff has

13   entrusted any money to Defendant. Defendant further denies that it converted, wrongfully or

14   otherwise, any of Plaintiff's money.   Defendant admits that Plaintiff has requested that Unisys

15   pay him money for his savings bonds and that it has not paid any money to Plaintiff money for

16   his savings bonds and denies that it had any obligation to do so. Except as expressly admitted

17   herein, on information and belief, Defendant denies the remaining allegations of paragraph 32.

18       33.    In response to the allegations in paragraph 33, Defendant admits that it has not

19   provided Plaintiff with access to money he claims is his. Defendant further admits that it has not

20   paid any money to Plaintiff money for his savings bonds and denies that it had any obligation to

21   do so. Except as expressly admitted herein, on information and belief, Defendant denies the

22   remaining allegations of paragraph 33.

23       34.    Defendant incorporates herein its response to paragraphs 1 through 33, set forth

24   above.

25       35.    In response to the allegations in paragraph 35, Defendant denies that made any

26   representations to Plaintiff at any time. Defendant is without sufficient knowledge or

27   information to form a belief as to the truth of the remaining allegations contained in paragraph

28   35, and therefore denies those allegations on that ground.

- 5 -

36.    In response to the allegations in paragraph 36, Defendant denies that it singly and/or in combination with any third party stole, converted, or otherwise misappropriated any of Plaintiff's money.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 36 and therefore denies those allegations on that ground.

37.    Defendant denies the allegations in paragraph 37 of the complaint.

38.    In response to the allegations in paragraph 38, Defendant denies that it converted, wrongfully or otherwise, any of Plaintiff's money.   Defendant admits that Plaintiff has requested that Unisys pay him money for his savings bonds and that it has not paid any money to Plaintiff money for his savings bonds and denies that it had any obligation to do so.  Except as expressly admitted herein, on information and belief, Defendant denies the remaining allegations of paragraph 38.

39.    In response to the allegations in paragraph 38, Defendant denies that it acted wrongfully in connection with any of Plaintiff's allegations.   Defendant states that the remaining allegations contained in paragraph 39 are conclusions of law to which no responsive pleading is demanded and which shall be taken as denied or avoided.

40.    Defendant incorporates herein its response to paragraphs 1 through 39, set forth above.

41.    On information and belief, Defendant admits the allegations in paragraph 41 of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Claim)

42.    As a first affirmative defense, Defendant avers that the complaint fails to state facts sufficient to constitute a cause of action.

///

///

///

- 6 -

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

43.    As a second affirmative defense, Defendant avers that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Code of Civil Procedure §§ 336a.1, 337.1-337.3, 338, 339, 343, and 29 U.S.C. § 1113.

## THIRD  AFFIRMATIVE DEFENSE

### (Estoppel)

44.    As a third affirmative defense, Defendant avers that by reason of his own conduct, actions or inaction, Plaintiff is estopped from asserting the claims set forth in this amended complaint and therefore is barred, in whole or in part, from the relief sought therein.

## FOURTH  AFFIRMATIVE DEFENSE

### (Laches)

45.    As a fourth affirmative defense, Defendant avers that Plaintiff has unreasonably delayed in bringing this action resulting in unfair prejudice to Defendant; accordingly, Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH  AFFIRMATIVE DEFENSE

### (Nonjoinder of Indispensable Party)

46.    As a fifth affirmative defense, Defendant avers that Plaintiff's claims are barred, in whole or in part, due to his failure to join indispensable parties defendant.

///
///
///
///
///
///
///
///
///

- 7 -

SF:168480v1

ANSWER TO COMPLAINT
Case No. C08-02111 JW HRL

1

## **PRAYER FOR RELIEF**

2      On Plaintiff's complaint, Defendant prays judgment as follows:

3          1)    That the complaint be dismissed in its entirety with prejudice, and that

4                Plaintiff take nothing by this action;

5          2)    That the court award judgment in favor of Defendants;

6          3)    That Defendant be awarded its costs of suit, and

7          4)    Any and such further relief as this court may deem proper.

8

9

10    DATED:  April 25, 2008                    EPSTEIN BECKER & GREEN, P.C.

11

12                                          By: _____

13                                              Steven R. Blackburn
                                                Matthew A. Goodin
                                                Attorneys for Defendant
14                                              UNISYS CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

ANSWER TO COMPLAINT
                                              Case No. C08-02111 JW HRL

### PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.  My business address is 1 California Street, 26th Floor, San Francisco, California 94111-5427.

3.  I served copies of the following documents (specify the exact title of each document served):

    ➢ **ANSWER TO PLAINTIFF'S COMPLAINT**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

    Humberto Marquez                 *Pro Per*
    3315 San Felipe Road, #92
    San Jose, California 95135        Tel: (650) 558-9366

5.  b. ☑ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

    (1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

    (2) ☑  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

6.  I served the documents by the means described in item 5 on *(date):* **April 25, 2008**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 4/25/08 | Bridgette M. Phillips | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

SF:168480v1

ANSWER TO COMPLAINT
Case No. C08-02111 JW HRL